UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AL SORMI, *et al.*,

                Plaintiffs,

-against-

WOLF, *et al.*,

                Defendants.

21 Civ. 5995 (ER)

TRANSFER ORDER

EDGARDO RAMOS, United States District Judge:

    Plaintiffs bring this action under the Administrative Procedure Act (5 U.S.C. § 701 et seq.) and the Fifth Amendment of the United States Constitution, alleging that Defendants violated Plaintiffs' federal rights when Defendants California Service Center and Kathy Baran improperly adjudicated and denied Plaintiff Ali Al-Sormi's I-130 *Petition for Alien Relative* filed on behalf of his daughter, Plaintiff Abeer Al-Sormi, in the Central District of California. Named as Defendants are Alejandro Mayorkas (in his official capacity as Secretary for the Department of Homeland Security ("DHS")), Ur Jaddou (in her official capacity as Director of the United States Citizenship and Immigration Services ("USCIS")), Kathy Baran (in her official capacity as Director of USCIS's California Service Center), California Service Center, DHS, USCIS, and Merrick Garland (in his official capacity as Attorney General of the United States). For the following reasons, this action is transferred to the United States District Court for the Central District of California, Southern Division (Santa Ana).

## DISCUSSION

    Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if

there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. § 1391(c)(1). An entity that is not a person, "whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2).

Plaintiffs allege that a substantial part of the events or omissions giving rise to their claims occurred at the USCIS California Service Center, which lies in the Central District of California. Specifically, Defendant California Service Center, the Service Center within USCIS with jurisdiction over Plaintiff's I-130 petition, and its director, Defendant Kathy Baran, who was responsible for the oversight and adjudication of Plaintiff's I-130 petition and subsequent appeal, adjudicated Plaintiff's I-130 petition in the Central District of California, the denial of which, *inter alia*, gave rise to Plaintiffs' claims. Further, the California Service Center appears to be located in Orange County, California, which lies in the Central District of California, Southern Division (Santa Ana). *See* 28 U.S.C. § 84(c)(3). Accordingly, the United States District Court for the Central District of California is a proper venue for this action under § 1391(b)(2).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and

notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer is appropriate in this case. The underlying events occurred in Orange County, California, where Defendants California Service Center and Kathy Baran, those most relevant to Plaintiffs' claims, appear to reside. In addition, it is likely that relevant documents and witnesses are located in Orange County, California, which lies in the Central District of California, Southern Division (Santa Ana). *See* 28 U.S.C. § 84(c)(3). Furthermore, the parties agreed and consented to the transfer of venue. Doc. 6. Plaintiffs contend that Plaintiffs' counsel maintains an office in the Central District of California, and Plaintiffs will not suffer hardship by transferring venue there. Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Central District of California, Southern Division (Santa Ana). 28 U.S.C. § 1404(a).

## CONCLUSION

The Court respectfully directs the Clerk of Court to transfer this action to the United States District Court for the Central District of California and to terminate the motion, Doc. 6. A summons shall not issue from this Court. This order closes this action in this Court.

The Court also respectfully directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  October 6, 2021
        New York, New York

_____
EDGARDO RAMOS
United States District Judge